UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:20-CR-00250-M-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BASHAR HISHAM HROUB, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Government's "Motion to Stay and Appeal of Magistrate Judge's Order" [DE-49] and "Motion to Seal" [DE-51]. For the reason stated herein, the Government's "Motion to Stay and Appeal of Magistrate Judge's Order" [DE-49] is DENIED and the Government's "Motion to Seal" [DE-51] is DENIED, but the proposed sealed document [DE-50] shall temporarily remain sealed pending any further filing.

I. Background

On May 27, 2020, Defendant Bashar Hisham Hroub was indicted on two counts in a multiple-defendant, five-count indictment; Defendant Hroub is charged with one count of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 1952, and one count of brandishing a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). [DE-1.] The Government moved for detention, and, at a hearing on July 1, 2020, Magistrate Judge Gates found that release on conditions was appropriate. [DE-44.] At the hearing, the Government elicited the testimony of an agent from the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and Defendant elicited the testimony of Zaina Hroub, Defendant's sister, who was proffered as a third-party custodian. At the conclusion of the hearing, Judge Gates found on the record that Defendant had rebutted the presumption of detention under 18 U.S.C. § 3142(e) and, considering the factors in 18 U.S.C. § 3142(g), release on conditions was warranted.

After the hearing, upon the oral motion of the Government and its intent to appeal, Judge Gates stayed his release order [DE-45] "until: (1) entry of an order resolving the government's timely motion for revocation; or (2) 3:01 p.m. on Thursday, 2 July 2020, if the government does not file such a motion." [DE-48.] The Government promptly moved this Court, pursuant to 18 U.S.C. § 3145(a), to review Judge Gates' decision [DE-49] and filed an addendum [DE-50] containing certain information concerning the proposed third-party custodian, Zaina Hroub, which it now seeks to seal [DE-51].

II.  Appeal

    a. Legal Standard

"Pursuant to 18 U.S.C. § 3145(a), if a person is ordered released by a magistrate judge, the attorney for the government may file with the district court a motion for revocation of the order." *United States v. Boyd*, 29 F. Supp. 3d 658, 659 (E.D.N.C. 2014) (citation omitted). The district court shall conduct a *de novo* review of the magistrate judge's decision. *See United States v. Williams*, 753 F.2d 329, 333-34 (4th Cir. 1985). In conducting its review, the district court reviews the magistrate judge's findings based upon the evidence presented to the magistrate judge. *Id.* The district court also has the discretion to conduct an additional evidentiary hearing if it decides that another hearing would be useful. *Id.* at 333.

In cases involving certain statutorily enumerated crimes, including those involving a crime under 18 U.S.C. § 924(c), see 18 U.S.C. § 3142(e)(3)(B) ("an offense under section 924(c)"), with which Defendant is charged, a presumption applies, which may be rebutted by the defendant, that he is a risk of flight and a danger to the community and that no condition or combination of conditions can be fashioned to assure his appearance and that he will not be a danger. *See* 18 U.S.C. § 3142(e)(3). "If the defendant successfully rebuts the presumption, the burden returns to the government to prove . . . that detention is nevertheless warranted." *United States v. Boyd*, 484 F. Supp. 2d 486, 488 (E.D. Va. 2007)

2

(citation omitted). The government then must establish by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community, see *United States v. Salerno,* 481 U.S. 739, 751 (1987), or by a preponderance of the evidence that no conditions of release will reasonably assure the defendant's attendance at trial, see *United States v. Stewart,* 19 F. App'x 46, 47 (4th Cir. 2001) (citing *United States v. Hazime,* 762 F.2d 34, 37 (6th Cir. 1985)). *See United States v. Mallory,* 268 F. Supp. 3d 854, 861 (E.D. Va. 2017).

In determining whether conditions of release exist that reasonably assure the appearance of the defendant as required and the safety of any other person and the community, the Court must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence [or] . . . involves a . . . firearm . . . ;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

    b. Analysis

Upon a review of the Government's motion for appeal and addendum, the Defendant's response, the order of release, the pretrial services report, other matters of record in this case, and the testimony proffered at the detention hearing before Judge Gates, the Court agrees with Judge Gates' determination.

The Court finds that Defendant has rebutted the presumption in favor of detention and that the Government has not shown by clear and convincing evidence that no conditions of release will reasonably assure the safety of any other person and the community or by a preponderance of evidence that no conditions of release will reasonably assure the Defendant's required attendance.

As an initial matter, the magistrate judge found that the identification evidence is relatively weak, and Defendant has a strong incentive to challenge the charges brought. The Government proffered that a dark grey vehicle with a make and model associated with Defendant was involved in the robbery and that Defendant's fingerprints were recovered from the door of the business in question. However, Judge Gates observed that the fingerprints could have been left at any time—the robbery was of a business open to the public—the vehicle was not particularly distinctive, and that the store owner was unable to identify Defendant, although he was able to identify the two other co-defendants. This Court sees no reason to overturn Judge Gates' determination.

The Court finds that the nature and circumstances of the charged offense—involving the restraint of and assault on a business owner and brandishing a firearm—and the Defendant's criminal history and history on supervised released—including previous felony convictions and release violations—weigh in favor of detention.

Despite this significant conduct and troubling history, and although a close case, the Court agrees with Judge Gates that Ms. Hroub is a very suitable custodian and that pretrial release in her custody sufficiently diminishes the risk of any further criminal activity or flight. After her extensive testimony, Judge Gates found that Ms. Hroub was "excellent" and "eminently" qualified to serve as a third-party custodian. Ms. Hroub testified that she is a United States Department of Justice employee involved in law enforcement, which the Government confirms [DE-50 ¶ 2], and the opposition notes that Ms. Hroub "received Secret Clearance to perform her task supporting law enforcement capacity development."

4

[DE-52 ¶ 4.] In his decision, Judge Gates' relied on Ms. Hroub's testimony at the hearing that she had obtained "Top Secret" security clearance as evidence of her suitability; the Government now argues that that assertion was untrue, and that she has no such clearance. [DE-50.] However, Ms. Hroub's seemingly inadvertent overrepresentation—"Ms. Hroub was not aware that her Top Secret clearance had not been fully adjudicated" at the time of the hearing and Ms. Hroub is "deeply embarrassed by [her] oversight" [DE-52 ¶ 6]—does not substantially detract from her suitability as a custodian. She is, nevertheless, a federal employee operating in law enforcement available to monitor and supervise Defendant Hroub at the proposed Rocky Mount address. The Court has reviewed Ms. Hroub's testimony and finds, for substantially the same reasons as Judge Gates, that Ms. Hroub's custodianship effectively diminishes the risk of flight and danger to the community. The Court also notes that Defendant has significant ties to the Rocky Mount community, including through work and as shown by the nearly one dozen character letters that were admitted at the detention hearing. The Court finds, after a *de novo* review, that Defendant has rebutted the presumption in favor of detention and that the Government has failed to carry its burden of showing by clear and convincing evidence that no conditions of release will reasonably assure the safety of any other person and the community or by a preponderance of evidence that no conditions of release will reasonably assure the Defendant's required attendance. The conditions imposed by the Order Setting Conditions of Release [DE-45], under the third-party custodianship of Ms. Hroub, reasonably assure Defendant's presence at trial and the safety of the community.[1]

---

[1] To the extent the Government's "Motion to Stay and Appeal of Magistrate Judge's Order" requested that this Court "stay the pre-trial release order until it can be reviewed," such a stay had already been imposed by Judge Gates [DE-48 ("*the Release Order is hereby STAYED until: (1) entry of an order resolving the government's timely motion for revocation.*" (emphasis added))], and, regardless, the Court has now fully resolved the instant appeal.

III. Motion to Seal

The Government, in connection with its appeal, filed an addendum containing certain information concerning Ms. Hroub [DE-50], and moved to seal the same [DE-51]. However, the Government's motion [DE-51] does not comply with Local Criminal Rule 55.2, which requires that a party seeking to seal documents must comply with the *Electronic Case Filing Administrative Policies and Procedures Manual* (the "Policy Manual"). Under Section V.G.1. of the Policy Manual, a party requesting that a document be sealed must submit a supporting memorandum of law, unless the filing party can cite a statute, rule, standing order or court order that requires the sealing. The supporting memorandum must specify:

(i) The exact document or item, or portions thereof, for which the filing under seal is requested;

(ii) How such request to seal overcomes the common law or the First Amendment presumption to access;

(iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

(iv) The reasons why alternatives to sealing are inadequate; and

(v) Whether there is consent to the motion.

In addition, the filing party must set out findings supporting these criteria in a proposed order to seal.

The Government has not complied with the Local Criminal Rule and the Policy Manual and, accordingly, its motion to seal is denied—the Government has not cited a statute, rule, standing order or court order, nor any basis for the proposed sealing, and has not submitted a supporting memorandum or proposed order as described above. *See McLaurin v. Prestage Foods, Inc.*, No. 7:09-CV-100, 2010 WL 4104715, at *1 (E.D.N.C. Oct. 18, 2010).

6

Moreover, much of the information the Government seeks to seal concerning Ms. Hroub is publicly available on the docket in Defendant's opposition, which contains even more detailed information concerning her status and employment. [DE-52.]

IV. Conclusion

For the foregoing reasons, the Government's "Motion to Stay and Appeal of Magistrate Judge's Order" [DE-49] is DENIED, and Defendant shall be released as soon as practicable under the conditions set forth in Judge Gates' Order Setting Conditions of Release [DE-45], at the detention hearing, and in the third-party custodianship of Zaina Hroub.

The Government's "Motion to Seal" [DE-51] is also DENIED. The Clerk is DIRECTED to unseal DE-50 twenty-one (21) days from the date of the entry of this order, unless either party seeks further relief through a motion to seal in accordance with the Local Rules and Policy Manual.

SO ORDERED this the 7th day of July, 2020.

RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE